Donnie Anthony MARSHALL

v.

**OVERHEAD DOOR CORP., et al.**

Civ. A. No. 88–9447.

United States District Court,
E.D. Pennsylvania.

June 8, 1990.

Herbert Monheit, Theodore C. Forrence, Jr., Philadelphia, Pa., for plaintiff.

Gerard Bruderle, Francis P. Burns, III, Kevin Lynch, Labrum and Doak, Philadelphia, Pa., for Overhead Door Corp.

Francis P. Burns, III, Robert Martin, George J. Lavin, Jr., Associates, Philadelphia, Pa., for General Motors Corp.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This diversity action was initiated in December of 1988. Plaintiff, a member of the armed forces reserves, seeks recovery from Overhead Door Corporation ("Overhead") and General Motors Corporation ("GM"), for injuries sustained while working at the Willow Grove Naval Air Station. According to the complaint, plaintiff was attempting to repair a door manufactured by Overhead, which had been installed in a van manufactured by GM, when he was struck by a wrench, severely injuring his right eye. Complaint, First Count, ¶¶ 4–5; Fourth Count, ¶ 3. Plaintiff charges both defendants with negligence, products liability and breach of warranty, and seeks damages for pain and suffering, lost earning capacity and medical expenses.

The subject of this memorandum is a motion for dismissal for failure to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and a motion for bifurcation of the liability and damages issues at trial, pursuant to Rule 42(b), both filed by defendant Overhead.[1] For the reasons discussed below, these motions will be denied in an accompanying order.

*Motion to Dismiss*

Rule 19 provides:

(a) A Person who is subject to service of process and whose joinder will not de-

---

1. Defendant General Motors has not taken a position on these motions.

prive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .

(b) If a person as described in subdivisions (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Thus, a court ruling on a motion to dismiss filed pursuant to Rule 19(b) must first determine whether the subject of the motion is a person "who should be joined if feasible." Then:

the only further question arises when joinder is not possible and the court must determine whether to dismiss or to proceed without him. To use the familiar but confusing terminology, the decision to proceed is a decision that the absent person is merely "necessary" while the decision to dismiss is a decision that he is "indispensable."

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968); *see also, Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1013 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

In its motion to dismiss, Overhead alleges that Union City Body Company of Union City, Indiana (hereinafter "Union City"), should be joined pursuant to Rule 19(a) because, although the vehicle was manufactured by GM and the door manufactured by Overhead, the vehicle and door were shipped to the facilities of Union City for assembly. The key to Overhead's argument is plaintiff's expert report, provided to defendants in April of 1990, just prior to the filing of this motion. That report opines that the door "was incorrectly installed in the vehicle" and that "repeated tests on a properly installed door failed to produce a single incident of [malfunction]", but nonetheless concludes that Overhead is at fault for failing to provide "proper and adequate installation instruction" so that "the average installer" would be aware of the proper installation technique. Motion, Exhibit "E", pp. 2–3. Overhead contends that Union City is a necessary party to this action, since, if a judgment is rendered against either defendant "there will undoubtedly be further litigation involving Union City Body Company's work with regard to the vehicle and door in question." Motion, p. 4.

In their papers, both plaintiff and Overhead seem to agree that Union City "should be joined if feasible" pursuant to Rule 19(a); however, there is strenuous disagreement as to the implications of Rule 19(b). Overhead argues that Union City cannot be made a party to the action by plaintiff, since the statute of limitations expired on plaintiff's claim just after the filing of the complaint. Overhead also contends that no other means of joinder is available since:

Defendants were not able to identify the vehicle and did not become aware of the involvement of Union City Body until

well after the time allowed for joinder of additional defendants under this Court's local rules of procedure.

Motion, pp. 2–3.[2] It is Overhead's position that the first three of the factors set out in Rule 19(b) favor dismissal. Overhead argues that it is prejudiced by the potential of "inconsistent relief or disproportionate responsibility for a liability shared with others" and the financial burdens of subsequent litigation. Motion, p. 7. Overhead further contends that it would be in Union City's best interests to become a party to this suit, since "any judgment rendered in the absence of Union City will be inadequate," thus "preclud[ing] complete and efficient settlement of this suit." *Id.* Although Overhead concedes that, in the event of dismissal Mr. Marshall "may not have an adequate direct remedy" because of the expiration of the statute of limitations, Overhead argues that dismissal in this case is appropriate on equitable grounds. Overhead alleges that plaintiff knew of Union City's work on the van and the door because of discovery provided to plaintiff by the Navy in the course of a state action subsequently abandoned by plaintiff, and concludes:

it was the behavior of plaintiff's counsel that placed him in this predicament. Plaintiff's counsel chose not to name Union City as a defendant in this case although he had access to United States Navay [sic] records indicating that Union City assembled the van. Defendant Overhead Door did not gain access to this information until more than four months after it was served. Therefore, defendant Overhead Door should not have to incur the prejudice and expense of subsequent litigation because plaintiff failed to join an indispensable party.

Motion, p. 8.

In response to Overhead's motion, plaintiff first argues that Union City may still be joined as a third-party defendant, pursuant to Local Rule 22, if Overhead has indeed been surprised by Union City's involvement. Plaintiff also maintains that Overhead cannot argue bad faith since, "[t]he existence and role of Union City Body Company became apparent to the plaintiff for the first time on September 7, 1989, when several depositions of Navy employees were taken." Attached to plaintiff's response is an affidavit executed by plaintiff's counsel, Theodore C. Forrence, Jr., Esq., which includes the following statements:

6. At some point after [the September 7, 1989] deposition, I did have some conversations with both defense counsel about the possibility of joining Union City Body Company. I do not recall the date of these conversations.

7. In those conversations, I noted that I, as the plaintiff's attorney, could not bring an action against Union City Body Company because of the running of the statute of limitation. However, the defendants could bring such a third party complaint. I specifically told both defense counsels [sic] that I would agree to a joinder of Union City Body Company and that I would sign a stipulation to that effect.

Affidavit of Counsel, p. 2. According to plaintiff, Overhead's failure to pursue the approach proposed by Mr. Forrence refutes the Overhead's suggestion of plaintiff's bad faith and also precludes a determination that Overhead will be unduly prejudiced in the event that Overhead is found liable and seeks indemnification from Union City.

■ Assuming *arguendo* that plaintiff and defendant Overhead are correct in

---

**2.** Rule 22 of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania provides for the timing of a motion to join third parties:

(a) Applications pursuant to F.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer. If it is made to appear, to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interests of justice.

their estimation that Union City is necessary pursuant to Rule 19(a), it is my conclusion that dismissal is not warranted in this case because it is not clear that Union City either "cannot be made a party" or must be "regarded as indispensable" pursuant to Rule 19(b). If it is true that Overhead could not until recently have ascertained the basis for filing a third-party complaint against Union City, then a motion filed pursuant to Rule 14 of the Federal Rules and Local Rule 22 would be, and still is, the appropriate means to address Overhead's dilemma. If a motion for joinder is filed and denied on the basis that Overhead did not exercise "reasonable diligence" pursuant to Local Rule 22, it seems unlikely that the language "cannot be made a party" of Rule 19(b) should be read to include "cannot be made a party because defendant did not exercise reasonable diligence." "Cannot be made a party" refers to legal, not procedural bars to joinder. *See, e.g., Steel Valley, supra,* 809 F.2d at 1013 ("may not be joined *because jurisdiction would be destroyed*") (emphasis added); *Ilan–Gat Engineers, Ltd. v. Antigua International Bank,* 659 F.2d 234 (D.D.C.1981) (considering whether alien citizenship made joinder impossible); 3A Moore's Federal Practice ¶ 19.07–2.[0] (whether the person is "subject to service of process and his joinder will not destroy diversity"); *see generally,* 3A Moore's Federal Practice ¶¶ 19.08–19.-14.

Assuming that a motion for joinder is made and denied, and that the term "cannot be made a party" includes procedural bars to joinder, even in that framework, the considerations of "equity and good conscience," as a whole, would favor denial of the motion to dismiss. The additional expenses Overhead may incur in potential litigation against Union City would then be discounted by Overhead's own failure to join Union City when invited to by plaintiffs. *See, Ilan–Gat, supra,* 659 F.2d at 242 ("the defendants' failure to make a timely motion should [be] considered in weighing the extent to which the defen-

dants would be prejudiced by separate actions"). Overhead's lack of diligence would also be weighed against the reality of plaintiff's foreclosure, pursuant to the statute of limitations, from recovery from any party, if dismissal is granted. *See* 3A Moore's Federal Practice ¶ 19.07–2[4] ("[i]f the applicable statute has run, the plaintiff may be left without a remedy, and this consideration must be weighed under the equity and good conscience formula.") (citing cases). Therefore, it is my conclusion that, assuming that this case presents a situation in which a necessary party "cannot be made a party," the considerations of "equity and good conscience" do not support a finding that Union City is an indispensable party and dismissal of plaintiff's complaint is not warranted.

### *Motion for Bifurcation*

Rule 42 of the Federal Rules of Civil Procedure provides:

(b) The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any issue....

*Id.* "[T]he decision to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hospital,* 579 F.2d 819 (3d Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 346 (1978). The party seeking bifurcation "must show that he will be prejudiced if separate trial is not granted." 5 Moore's Federal Practice ¶ 42.03[1].

Overhead argues that "[t]he severance of the issues of liability and damages will avoid the potential of prejudice to the defendants, since the jury's determination of liability and damages will inevitably be influenced by the emotional overtones associated with the damages presentation." Memorandum in support of Bifurcation, p. 3.[3]

---

**3.** Overhead also contends that judicial economy will be served by bifurcation, since the damages phase would be avoided if a verdict of non-lia-

bility is rendered by the jury, and further argues that settlement possibilities will be "enhanced" by bifurcation proceedings.

The argument does not pin-point actual prejudice, present or potential, specific to this case. To accept Overhead's argument would be to sanction bifurcation in all jury cases, in contravention of the Third Circuit's instruction that trial judges are not to regard bifurcation as "routine." *Lis, supra.* Accordingly, defendant's motion will be denied.

### Conclusion

For the reasons stated above, defendant Overhead's motions for dismissal and bifurcation will be denied.